UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SUSAN HOWARD, and others, | Case No. 13-cv-04009 NC |
| Plaintiffs, | **ORDER RETRANSFERRING VENUE TO THE CENTRAL DISTRICT OF CALIFORNIA** |
| v. | |
| CVS CAREMARK CORP., and others, | Re: Dkt. No. 23 |
| Defendants. | |

Judge S. James Otero transferred this employment case to the Northern District of California on August 22, 2013. Dkt. No. 19. Defendants moved to retransfer the case to the Central District of California, and the Court heard oral argument on the motion on October 30, 2013. Dkt. Nos. 23, 34. Because the Court finds that there are changed circumstances such that the purpose of the transfer has been frustrated, the Court GRANTS defendants' motion to retransfer the case to the Central District of California.

**I. BACKGROUND**

Plaintiffs filed their First Amended Complaint in Los Angeles Superior Court on May 10, 2013. Dkt. No. 1, Ex. G. Plaintiffs generally allege that defendants failed to pay employees working in CVS pharmacies "all wages earned, due to a combination of being

asked to work off-the-clock, being understaffed, and being told that overtime would no longer be approved." Dkt. No. 30 at 7. Defendants removed the action to the Central District of California on July 1, 2013, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Dkt. No. 1. The case was deemed to be related to two actions previously before Judge Otero.

Plaintiffs filed a motion to transfer the case to the Northern District of California, Dkt. No. 13, which Judge Otero granted on August 22, 2013. Dkt. No. 19. In reaching his decision, Judge Otero held that convenience to the parties and witnesses did not weigh for or against transfer, but that "[t]he interests of justice weigh strongly in favor of transferring this case to the Northern District of California." Dkt. No. 19 at 5. Judge Otero found that the claims in this case appeared to be "substantially subsumed within those presented in *Ortiz*," a case pending before Magistrate Judge Elizabeth D. Laporte in the Northern District of California, and that therefore transfer was appropriate because "relating this action with the ongoing *Ortiz* action will conserve the resources of both the parties and the judiciary." *Id.* at 5, 6.

On October 4, 2013, shortly after Judge Otero transferred this case to the Northern District, plaintiffs in *Ortiz et a.l v. CVS Caremark Corp. et al.*, No. 12-cv-05859 EDL, filed a motion for class certification. The class certification motion significantly narrowed the plaintiffs' claims and sought to certify a class limited to unpaid off-the-clock work for interstore merchandise deliveries and pickups, as well as for claims that defendants did not fully reimburse employees for mileage.

Plaintiffs moved to relate this case with *Ortiz*, but Judge Laporte denied the motion on October 15, 2013. Dkt. No. 30, Ex. A. Judge Laporte found that although there was some overlap between the claims in *Ortiz* and the claims in this case, "[t]he interstore transfer theory of liability that is the backbone of the *Ortiz* claims is never mentioned in the *Howard* complaint" and therefore the cases were not sufficiently similar so as to warrant relation. *Id.*

## II. LEGAL STANDARD

"The transferee district should not retransfer except under the most impelling and unusual circumstance." *Techshell, Inc. v. Incase Designs Corp.*, No. 11-cv-04576 YGR, 2012 WL 692295, at *4 (N.D. Cal. Mar. 2, 2012) (internal quotations omitted) (citing *Ametek, Inc. v. Hewlett–Packard Co.*, No. 90-cv-20278 DLJ, 1990 WL 10072473, at *1 (N.D. Cal. July 10, 1990)). However, a transferee court may retransfer the case "on a showing of changed circumstances, particularly when they frustrate the purpose of the change of venue." *Techshell*, 2012 WL 692295, at *4.

## III. ANALYSIS

Two important sets of circumstances have changed since Judge Otero transferred the case to this Court. First, the plaintiffs in *Ortiz* filed their motion for class certification, in which they substantially narrowed their claims. Second, Judge Laporte denied plaintiffs' motion to relate this case to *Ortiz*. Judge Otero transferred the case to the Northern District for the purpose of possible relation of *Ortiz* and *Howard*, since at that time Judge Otero deemed the claims at hand to be "substantially subsumed" within the claims in *Ortiz*. But since the transfer, the relation motion has been denied and the *Ortiz* claims have been narrowed such that the claims in this case are not substantially subsumed within those in *Ortiz*. Because of these changed circumstances, the Court finds that the purpose of Judge Otero's transfer has been frustrated and the case should be retransferred to the Central District of California.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS defendants' motion to retransfer this Case to the Central District of California.

IT IS SO ORDERED.

Date: November 1, 2013

_____
Nathanael M. Cousins
United States Magistrate Judge